## THE STATE OF KANSAS V. W. E. BAILEY.
### No. 14,760.   (87 Pac. 189.)

1. INTOXICATING LIQUORS—*Election of Counts—Abandonment.*
An information charged in several counts the illegal sale of
liquor, and in another count the maintenance of a nuisance.
It was said that an election of counts the written statement
of which made no mention of the nuisance count referred only
to the sale counts, that the nuisance count was not aban-
doned, and a conviction thereunder was affirmed.

2. EVIDENCE—*Ownership of Place—Hearsay.* Testimony of a
witness that he had heard a third person acknowledge owner-
ship of the place defendant was charged with keeping was
held inadmissible.

Appeal from Linn district court; WALTER L. SIMONS,
judge.   Opinion filed October 6, 1906.   Affirmed.

*C. C. Coleman,* attorney-general, *James D. Snoddy,*
and *John O. Morse,* for The State.

*John C. Cannon, John W. Poore,* and *J. I. Sheppard,*
for appellant.

*Per Curiam:* W. E. Bailey was prosecuted under an
information charging him in several counts with the
illegal sale of intoxicating liquor, and in an additional
count with the maintenance of a place where liquor
was unlawfully sold.   He was convicted upon the nui-
sance count only.   Upon appeal he contends that inas-
much as the state, on being required to elect upon what
evidence it would rely for a conviction upon the va-
rious counts, filed a written statement of such election
in which no mention was made of the nuisance count,
the prosecution upon that count was thereby aban-
doned.   The contention is not good.   The election had
reference only to those counts charging specific sales.

On the trial the defendant offered in evidence two
documents described as government liquor licenses, and
complaint is now made of their rejection.   The record

does not show the contents of the documents, so that no review of the ruling is possible, but it is not apparent how the defendant could have been in any way prejudiced by it.

Complaint is also made of the refusal of the trial court to allow a witness to testify to having heard one Blair say that he was the owner of the place. This would have been competent evidence against Blair if he had been on trial, but was not competent when offered in behalf of Bailey.

The judgment is affirmed.