No. 46,117

THE STATE OF KANSAS, *Appellee*, v. DANIEL C. AUSTIN, *Appellant*.

(495 P. 2d 969)

Opinion filed April 8, 1972.

*Leonard F. Watkins, Jr.*, of El Dorado, argued the cause, and *Russell Shultz*, of Wichita, was with him on the brief for the appellant.

*Mark F. Anderson*, Deputy County Attorney, argued the cause, and *Vern Miller*, Attorney General, *Keith Sanborn*, County Attorney, and *F. H. Jenkins, Jr.*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Daniel C. Austin, was convicted of first-degree robbery. He was sentenced to the Kansas State Penitentiary for a term of not less than twenty nor more than forty-two years. The present appeal followed.

In brief, the salient facts are as follows: In the early hours of February 7, 1969, the defendant and one Lewis B. Soupene engaged in a friendly game of pool at the Outer Limits tavern in Wichita. Soupene lost three games at a dollar a game, whereupon the ante was raised to two dollars per game and Soupene won the next three games. An argument ensued during which Mr. Soupene hit Mr. Austin in the face. At this juncture the proprietor arrived on the scene, blackjacked both disputants and threw them out the door.

Soupene re-entered the tavern to retrieve his hat and pool cue.

Upon re-emerging he was accosted by Austin and a companion by the name of Patterson. Austin demanded an apology from his erstwhile pool playing friend. When this was refused, Austin struck Soupene and Patterson tackled him around the legs, throwing him to the ground. Austin began to kick Soupene in the ribs and face as he lay on the ground and then fell on him and grabbed his head while Patterson grabbed his wallet, which contained some $140. When Soupene said "Man, please don't take my wallet", both men jumped up and ran for the car.

The victim ran back to the tavern and said he had been rolled. On receipt of this information the proprietor went out and hollered to Austin and Patterson, who departed at a high rate of speed. The couple was arrested about two hours later emerging from another tavern. Neither man had Soupene's wallet but Austin had $70 in currency on his person and Patterson $57. The wallet was found at a later time, stripped of its contents. Additional facts will be related as they become pertinent.

Several points of error are alleged and will be discussed in order.

First, the defendant contends that hearsay evidence was erroneously admitted. This claim grows out of the testimony of a Wichita police officer with respect to a trip made by several officers and Mr. Patterson to an area on South Broadway. In response to a question propounded by the state as to why they were going to the south part of town, the witness replied "Mr. Patterson was going to try and show us where he'd thrown the billfold."

No objection was interposed to this answer nor was any motion made to strike the same. Accordingly, the question is not before us for review. Our rule is that an error alleged in the admission of evidence is not subject to appellate review in the absence of a timely and specific objection addressed thereto. (See 2 Hatcher's Kansas Digest [Rev. Ed.] Criminal Law, § 425, p. 273.)

In the second place, Mr. Austin contends the evidence is insufficient to establish robbery on his part. The gist of his argument is that Patterson took Soupene's wallet and Austin had nothing to do with that—nor had any thought of theft ever entered his mind. This is an argument which could have been and probably was presented to the jury. However, we deem the evidence amply sufficient to sustain the verdict. Both Austin and Patterson attacked Soupene and threw him to the ground. Austin continued his attack, throwing himself upon Soupene and holding his head while Patterson

wafted his wallet. Both fled the scene in haste as the tavern owner yelled at them. Both men feigned surprise when the arresting officer mentioned Soupene's billfold and both men said they knew nothing about it.

As we have already said, Mr. Soupene had approximately $140 in currency in his wallet. He carried his currency folded over. Four twenty-dollar bills were among the bills taken and one of those had been torn in two and pieced together with scotch tape. Two folded twenty-dollar bills were found in the possession of each of Soupene's assailants and one of the two twenty-dollar bills in Patterson's possession was pieced together by scotch tape of the same width and in similar fashion to the one carried in Soupene's wallet.

It is true that Austin, in an effort to account for the $70 in his possession, offered evidence that a few days previously he had received and cashed a $100 check. This evidence was a matter for the jury's consideration in pondering the issue of guilt or innocence—and apparently the explanation was given little weight.

We have often stated our rule to be that on appellate review the question is not whether the evidence established guilt beyond a reasonable doubt but whether the evidence was sufficient to form the basis for a reasonable inference of guilt. We believe that test was met in this case. (*State v. Fouts*, 169 Kan. 686, 221 P. 2d 841; *State v. Mitchell*, 181 Kan. 193, 310 P. 2d 1063; *State v. Burgess*, 205 Kan. 224, 468 P. 2d 229.)

A third assignment of error relates to a portion of the state's final argument wherein attention was directed to Austin's failure to call Patterson as a witness. It is contended this deprived the defendant of a fair trial.

Patterson had been tried and found guilty prior to Austin's trial. His motion for a new trial was still pending and his time to appeal had not expired. Patterson was present in court, at the state's behest, for at least a part of Austin's trial and the state alluded to this fact in posing the question "Why wasn't he put on?"

Overlooking the fact that no objection was interposed to the state's argument, we believe no error flowed from the state's argument, or that Austin was denied a fair trial thereby. The applicable rule is set out in 2 Wigmore, Evidence, 3d Ed., § 286, p. 167, where, in discussing the principle that the failure to produce available evidence may give rise to an inference that it would have been adverse to the party who could have produced it, Mr. Wigmore states:

"When the *witness* is *privileged,* and the privilege is *independent of the party's control, the witness' claim of privilege renders the party unable to use* his testimony; but it would seem that the witness should at least have been summoned and asked, for he may waive his privilege.  .  .  ."

In the instant case the defendant did not see fit to call Mr. Patterson to ascertain whether that gentleman would or would not waive his privilege against self incrimination.  Accordingly, we cannot say that the state's argument constituted error.

The judgment of the court below is affirmed.