No. 48,016

STATE OF KANSAS, *Appellee,* v. DAVID L. WILSON, *Appellant.*

(552 P. 2d 931)

Opinion filed July 23, 1976.

*Don W. Riley,* of Wichita, argued the cause and was on the brief for the appellant.

*Christopher Randall,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Stephen M. Joseph,* assistant district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is a direct appeal after a jury verdict convicting appellant David L. Wilson of first degree murder. Wilson was convicted of killing Walter Wayne Wirts on the night of December 28, 1967, in Wichita, Kansas. Appellant questions the sufficiency of the evidence to support the verdict.

The evidence presented by the state consisted of a confession by the accused; testimony from several witnesses who saw or spoke to appellant prior to and following the crime; testimony from three individuals who spoke to the victim by telephone on the night of the murder; testimony from a pathologist who examined the victim's body; and testimony from various police officers who took part in the investigation of the murder, in the arrest and in the interrogation of appellant.

Appellant was arrested by law enforcement officers from Kansas and Michigan on May 15, 1973, in Flint, Michigan. Appellant was advised of his rights at the time of his arrest pursuant to the rules laid down in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. He was transported to a Saginaw, Michigan police station by automobile. There appellant signed a waiver of rights form and made a statement to the police denying knowledge of the Wirts murder which had occurred five and one-half years earlier.

A short time later, in a second statement, appellant changed his story and confessed he had killed Wirts. Appellant stated he and

a companion, Lamont Estrada, visited a Wichita bus station on the evening of December 28, 1967. At the station they met Wirts and agreed to perform homosexual acts with him for a fee of $25.00. The trio traveled to Wirts' apartment where the victim and appellant engaged in homosexual conduct. Appellant stated that after engaging in the homosexual conduct he refused to continue and Wirts then produced a knife and threatened appellant unless he submit to further sexual conduct. According to appellant's story he pretended to comply with the wishes of Wirts and then grabbed the knife and stabbed Wirts to death. Appellant said he and Estrada then cut open a suitcase belonging to Wirts and removed some of the victim's clothing. Appellant and Estrada fled the scene together. They left Wichita a few days later and after traveling to Colorado and California appellant and Estrada separated. Appellant took up residence in Michigan, where he was arrested.

The state produced three witnesses who spoke with Wirts over the telephone in his apartment on the night of the homicide. Each witness testified that Wirts told them he had visitors at his apartment. They overheard voices in the background during their conversations and Wirts discussed having a sum of money in his possession at the time which he had collected for his employer. He was holding it for deposit the following day. Wirts told at least one witness over the phone that the money was in his suitcase. It was reasonable to infer that those in his apartment at the time of these calls overheard what Wirts had said.

Frances Kiger, a tenant in a rooming house where the appellant and Estrada lived at the time testified that at midnight on December 28, 1967, she observed appellant and Estrada returning to their apartment. She testified appellant's clothing was blood-covered. On the following morning she discovered appellant's shaving kit hidden in a closet and inside the kit she found a large sum of currency, a ring bearing the Masonic emblem, a wrist watch, and a money clip monogrammed with the letter "W". The ring and money clip were identified by others as belonging to the victim Wirts.

Mrs. Kiger further testified that she showed the shaving kit and its contents to the landlady, Charlotte Page. Mrs. Page testified she remembered seeing the shaving kit filled with currency and a watch. She did not see the ring or money clip, but did see a Masonic ring later the same day.

Dr. William Ekart, the coroner's pathologist, related his medical

opinion as to the manner in which Wirts was killed and stated that the cuts on Wirts' hands indicated he had attempted to defend himself. Dr. Ekart illustrated his explanation with photographs of the body of the murder victim.

On appellate review the question is not whether the evidence establishes guilt beyond a reasonable doubt but whether the evidence was sufficient to form the basis for a reasonable inference of guilt. (*State v. Austin,* 209 Kan. 4, 495 P. 2d 960.) The evidence set out above is clearly sufficient to sustain appellant's conviction for first degree murder.

The appellant attacks the jury's verdict of guilty of murder in the first degree and asks that the verdict be set aside and a new trial granted. As a basis for such an attack he points out that under the information and instructions of the trial court the state was allowed to proceed with the trial for first degree murder on duplicate theories of a "willful, deliberate and premeditated killing" and "a killing in the perpetration or attempt to perpetrate a robbery." Appellant contends that this is impermissible for in such case it becomes impossible to determine which of the two theories the jury found was supported by the evidence. It is argued that some members of the jury may have found appellant guilty of a premeditated killing and others a felony murder, and that this would not be a unanimous verdict as required by our law.

The two cases cited by appellant are not in point. One relates to a verdict which failed to specify the particular degree of the crime and the other relates to a verdict arrived at on an instruction which failed to require proof of intent necessary to complete the crime charged.

Although the question has not previously been presented to this court in its present form we do find authority in our cases which indicates the duplicate charge of both premeditated and felony murder may be proper. See *State v. Moffitt,* 199 Kan. 514, 431 P. 2d 879, and *State v. Clark,* 204 Kan. 38, 460 P. 2d 586.

In *Moffitt* the defendant was charged in Count II with first degree murder, both premeditated and felony murder. A motion by the defendant to require the state to elect to prosecute on either premeditated or felony murder was denied. The jury returned a verdict of first degree murder *and* felony murder. The jury's verdict was upheld. It was pointed out that proof of murder in the first degree requires the specific intention to kill with deliberation and premeditation. Satisfactory proof may be by direct proof of

such an intention or it may be supplied by proof of killing while in the commission of a felony. Proof of a killing in the perpetration of a felony is held tantamount to proof of premeditation and deliberation which would otherwise be necessary to constitute murder in the first degree.

In *Clark* this rationale was again approved. Mr. Justice Kaul speaking for the court, after referring to *Moffitt*, said:

"The purpose of the felony murder rule is to relieve the state of the burden of proving premeditation and malice when the victim's death is caused by the killer while he is committing another felony. The rationale being that the killer's malignant purpose is established by proof of the collateral felony. . . ." (204 Kan. pp. 43, 44.)

This being the case it follows that the question is one of proof necessary to support a verdict of first degree murder. When an accused is charged in one count of an information with both premeditated murder and felony murder it matters not whether some members of the jury arrive at a verdict of guilt based on proof of premeditation while others arrive at a verdict of guilt by reason of the killer's malignant purpose. In such case the verdict is unanimous and guilt of murder in the first degree has been satisfactorily established. If a verdict of first degree murder can be justified on either of two interpretations of the evidence, premeditation or felony murder, the verdict cannot be impeached by showing that part of the jury proceeded upon one interpretation of the evidence and part on another.

The above holding meets with general acceptance in other jurisdictions in the absence of a statute which requires the jury to agree to the mode in which a murder was committed. See *People v. Milan*, 9 Cal. 3d 185, 107 Cal. Rptr. 68, 507 P. 2d 956; *People v. Sullivan*, 173 N. Y. 122, 65 N. E. 989; *State v. Hazelett*, 8 Or. App. 44, 492 P. 2d 501; and *State v. Flathers*, 57 S. D. 320, 232 N. W. 51, 72 A. L. R. 150.

Appellant complains that the trial court improperly excluded his testimony regarding statements by his accomplice, Lamont Estrada. Estrada was not available as a witness; his whereabouts were unknown. Appellant during the trial attempted to relate statements made by Estrada to the appellant which were excluded by the trial court as hearsay. The first statement was to the effect that Estrada told him he was in possession of embarrassing photographs which Estrada would publish if the appellant did not accompany Estrada to Wichita where the crime was committed.

If an utterance previously made out of court is offered in evidence merely for the purpose of establishing what was then said, and not for the purpose of establishing the truth of the statement, the testimony is not hearsay. If relevant it is admissible through the person who heard it. See K. S. A. 60-460; *State v. Ritson,* 215 Kan. 742, 748, 529 P. 2d 90; and *State v. McClain,* 220 Kan. 80, 551 P. 2d 806. The testimony as to the embarrassing photographs was not offered to prove the truth of the matter asserted by Estrada but was offered simply as an explanation of why appellant accompanied Estrada. The appellant complains of other instances in the trial where the court excluded his testimony concerning statements purportedly made by Estrada. According to appellant's testimony, after visiting Wirts in his apartment, both Estrada and the appellant left for the purpose of putting appellant to bed. Appellant was intoxicated. Estrada stated he was going to return to the Wirts apartment.

Although some of the testimony proffered may have been improperly excluded by the trial court as hearsay any prejudice to appellant's trial would not be of reversible magnitude. The testimony was on peripheral matters and any prejudice to appellant was far outweighed by the later ruling of the trial court, at the insistence of appellant's counsel, permitting the appellant to testify to these same matters as well as to an extrajudicial confession by Estrada that he committed the crime with which the appellant was charged. It is a general rule that an extrajudicial confession by a stranger, that he committed the crime with which the defendant is charged, is hearsay and hence is not admissible to exculpate the defendant. That the declarant is dead, and his testimony therefore unobtainable, does not alter the rule. (Wharton's Criminal Evidence, [13th Ed.] Vol. 2, § 270, pp. 16, 17, 18; cf. *State v. Bailey,* 74 Kan. 873, 87 Pac. 189.) The appellant is not in a favorable position to complain of the court's rulings on the admissibility of this evidence.

Appellant complains of photographs and slides which were introduced and admitted in evidence showing the physical condition of the victim's body when found. The testimony from the doctor who performed the autopsy discloses that these photographs were relevant and material to illustrate the nature and extent of the wounds inflicted. In a crime of violence which results in death, photographs which serve to illustrate the nature and extent of the

wounds inflicted are admissible when they corroborate the testimony of witnesses or are relevant to testimony of a doctor as to the cause of death even though they may appear gruesome. (*State v. Soverns,* 215 Kan. 775, 529 P. 2d 181; *State v. King,* 219 Kan. 508, 548 P. 2d 803.)

Appellant contends that his conviction should be reversed because of the improper use of a confession taken by means of both audio and video recordings. These duplicate tapes were used during the trial. One was a video recording which did not have the sound track because of a malfunction in the machine at the time the confession was given. The other was the ordinary audio tape recording taken at the same time with a separate machine as a back-up precaution. The video tape showing indicated to the jury the demeanor of the parties involved in the giving and taking of the statement. The audio tape supplied the verbal communication. This was not an undue duplication of evidence and falls within the discretionary realm of the trial judge. The record in this case indicates the recordings were admitted within the proper procedural safeguards outlined in *State v. Milow,* 199 Kan. 576, 433 P. 2d 538. There is no question raised over the validity of the recordings and the identity of the appellant as a participant. The audio and video recordings were of sufficient clarity and quality to assist the jury in their deliberations even though portions thereof may not have been first quality reproductions of what was said and done.

When the authenticity of audio and tape recordings of a statement made by the defendant is established to the satisfaction of the trial court and found to be of sufficient clarity and quality to assist the jury in its deliberations they may be admitted in evidence even though portions thereof may not be first quality reproductions of what was said and done. Their admissibility rests largely in the discretion of the trial court. We find no abuse of discretion in their admission in this case.

In addition the appellant questions the findings of the trial court that appellant's statement was freely and voluntarily given. He points to evidence that he was a bisexual or homosexual individual with personality disturbances, that he was taking pain medication and that he was under internal and external stress. He disputes the findings of a psychiatrist who testified that the confession was a product of a free and voluntary will.

It is the duty of the trial court, before admitting a purported confession into evidence, to conduct a proceeding separate and

apart from the jury to determine from the evidence as a preliminary matter whether the confession was freely and voluntarily made by the accused. (*State v. Milow,* supra.) The inquiry must be based upon a consideration of the totality of the circumstances, and the trial court should make the decision in the first instance as to whether the confession was the product of a rational intellect and a free will; if so the confession may properly be admitted in evidence. The trial court in the present case conducted the hearing, heard considerable evidence and its judgment will not be overturned by this court.

In addition to the foregoing points discussed in this opinion, industrious counsel for appellant has raised seven more procedural points having to do with the attitude and conduct of the prosecuting attorney in the course of his examination of witnesses, the admissibility of certain testimony and the scope of proper rebuttal testimony introduced at the trial. We have examined the record on each of these points in light of the arguments presented thereon. We do not find error in any of these seven additional points which would approach reversible error.

The trial court did exercise proper control over the attorneys who participated in this trial. The court admonished the prosecutor in certain instances when he made over-zealous comments, and the court admonished the jury to disregard these comments. Certain questions by the state calling for inadmissible evidence were objected to by defense counsel during the course of the trial, the objections were sustained and the jury admonished. At one place in the record it appears the prosecutor indicated his dissatisfaction because objections had been sustained to five or six straight questions. The judge properly advised the attorney as to the reasons therefore. Under the circumstances appearing upon review of the record it must be said that any error was cured by the admonitions and instructions of the trial court. See *State v. McClain,* 216 Kan. 602, 533 P. 2d 1277, and *State v. Warbritton,* 215 Kan. 534, 527 P. 2d 1050.

As to those remaining points which bear upon the admissibility of evidence we wish to point out that this court will not reverse a trial judge on an issue of admissibility of evidence except for error which amounts to abuse of discretion in a ruling which affects the substantial rights of the party complaining. (*State v. Winston,* 214 Kan. 525, 520 P. 2d 1204.) It is apparent from the record and

briefs presented to this court that the appellant had a fair trial, the verdict is supported by substantial competent evidence and no reversible error has been demonstrated on appeal.

Judgment is affirmed.