No. 49,082

STATE OF KANSAS, *Appellee,* v. IVAN W. TREADWELL, *Appellant.*

(575 P.2d 550)

Opinion filed February 25, 1978.

*Eldon Boisseau,* of Wichita, argued the cause and was on the brief for the appellant.

*Harold Pickler,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Ivan W. Treadwell was found guilty of aggravated robbery (K.S.A. 21-3427). The charge stemmed from a robbery at the Leahy Liquor Store in Wichita on November 4, 1976. Two men entered the store at 9:45 p.m. on that date and ordered Joseph Catron to put money in a sack. The taller of the two men held a gun on Mr. Catron while he turned over $344.00 in currency. The man with the gun was identified as David Wright but Catron was unable to make a positive identification of the defendant Treadwell. The two men made their escape.

A month later the defendant and Wright were stopped by the police for routine questioning in Phoenix, Arizona, and a vehicle check disclosed the vehicle they were driving had been stolen in Wichita. They were arrested and interrogated by Officers Camp-

bell and Morales in Phoenix. This interview was recorded on tape, and in the course of the interview defendant admitted robbing the Leahy Liquor Store and attempting to rob another liquor store in Wichita. The two suspects were returned to Kansas for trial. During the trial the defendant retracted his confession and denied participation in the Leahy robbery.

The defendant-appellant claims error because of the admission in evidence of the recorded confession. Three reasons are alleged as the basis for such claim. He first claims the statement was not freely and voluntarily given. As a basis for this claim he points to his testimony that he had been drinking intoxicating liquor, taking drugs and had no recollection of giving the statement. In addition he points to the testimony of Officer Campbell that the recorder was not turned on throughout the interrogation. Appellant claims the state failed to produce evidence concerning the unrecorded intervals which would have shown he was deprived of his free will. The unrecorded intervals in the tape will be discussed later.

The trial court conducted the required hearing to determine the voluntariness of the confession. See K.S.A. 22-3215 for such requirement. Officer Campbell identified the tape on which the statement was recorded. He testified that everything of substance was on the tape and any conversations not on the tape were not related to the crimes discussed. He further testified that defendant appeared normal when the statement was recorded and showed no physical or mental signs of liquor or drugs.

The trial court listened to the tape and found that the appellant had been properly advised and understood his constitutional rights before the statement was recorded. The court further found the confession was freely and voluntarily given and that appellant was under no duress or coercion, either mental or physical.

As stated in *State v. Duncan,* 221 Kan. 714, 720, 562 P.2d 84:

". . . The burden of proving the admissibility of a statement or confession is upon the prosecution. (K.S.A. 22-3215[4].) On motion it is the duty of the trial court, before admitting a purported confession into evidence, to conduct a hearing separate and apart from the jury to determine from the evidence as a preliminary matter whether the confession was freely and voluntarily made by the accused. (*State v. Wilson,* [220 Kan. 341, 552 P.2d 931] supra.) The inquiry is to determine whether the statement or confession was voluntary, and the determination must be based upon a consideration of the totality of the circumstances bearing on voluntariness. If the court determines that the statement or confession was the product of a rational intellect and a free will the statement or confession should be

admitted into evidence. (*State v. Milow,* 199 Kan. 576, 433 P.2d 538; *State v. Wilson,* supra.)"

In *State v. Kanive,* 221 Kan. 34, 558 P.2d 1075, the court stated the standard for review:

"When a trial court conducts a full pre-trial hearing on the admissibility of an extrajudicial statement by an accused, determines the statement was freely, voluntarily and knowingly given and admits the statement into evidence at the trial, the appellate court should accept that determination if it is supported by substantial competent evidence." (Syl. 5.)

Sufficient evidence was introduced at a separate hearing to establish the voluntariness and to justify the admission of the taped confession at the trial.

The second reason alleged for claiming the taped confession was improperly admitted in evidence is lack of a sufficient chain of custody.

Officer Campbell testified that after the confession was completed the tape was given to a stenographer in the criminal investigation bureau. It was then given to the robbery detail. A Detective Herskovitz in the detective division gave it to a Detective Gordo, who kept it in his desk until Officer Campbell brought it to Wichita for the preliminary hearing. After it was entered as evidence at the hearing it was given to Detective Zortman, and Detective Campbell could not attest to its whereabouts after that. Officer Campbell testified he marked the original tape with his signature for identification purposes. The tape was in a standard cassette. He identified the tape cassette at the trial as being the one taken in Phoenix.

The state's failure to produce the other witnesses in this long chain of police custody is not fatal. The admissibility of a statement or confession is within the sound discretion of the trial court. See *State v. Robinson,* 203 Kan. 304, 311, 454 P.2d 527, and *State v. Patterson,* 200 Kan. 176, 181, 434 P.2d 808. The state made a sufficient showing that there had been no material alterations in the tape under the requirements relating to physical evidence as set forth in *State v. Beard,* 220 Kan. 580, 552 P.2d 900.

In 1 Underhill's Criminal Evidence, 6th ed., § 115, the author states:

"Where objects have been kept in police custody the chain of possession must be reasonably complete, but this rule is relaxed where there is positive identifi-

cation of the object, and in any event there is no requirement that everyone who had access to the object be called to testify." (p. 261.)

The whereabouts of the tape was satisfactorily accounted for by Officer Campbell; it was definitely identified and there was no allegation or evidence that the tape had been altered or in any way mutilated.

When objects of physical evidence have been kept in police custody the chain of possession must be reasonably complete, but this rule may be relaxed when the object is positively identified at the trial and it is established the object remains unaltered.

The point is without merit.

The third reason alleged for claiming the taped confession was improperly admitted in evidence apparently has not been previously raised or considered by this court. It relates to unrecorded intervals in the tape.

At the hearing to suppress the tape recording the testimony of Officer Campbell established that, although the interrogation of defendant lasted an hour and ten minutes, the taped statement covered only twenty minutes. The tape revealed that there were sixteen breaks in the continuity where the tape recorder had been turned off, and there was a rather long pause near the end of the tape. Officer Campbell testified that the tape recorder was not operated continuously during this interrogation. He explained that this was the first recorded statement he had conducted and that he had turned the recorder off at various times while he was formulating his questions. Morales, the other officer, talked to defendant during these unrecorded intervals.

In *State v. Wilson,* 220 Kan. 341, 552 P.2d 931, objections were lodged to the duplication of evidence involved in the use of both a video recording of a confession and an ordinary audio recording taken separately but simultaneously. In that case the sound portion of the video recording was inaudible because of a malfunction in the machine. The audio recording was taken on a separate machine as a backup precaution. It was held when the authenticity of both tape recordings was established and found to be of sufficient clarity and quality to assist the jury in its deliberations both were properly admitted in evidence, even though portions of the tapes were not first quality productions of what was said and done. It was held their admissibility rested largely in the discretion of the trial court.

In our present case we have omissions where portions of the interrogation were not recorded. The subject has been addressed in various other jurisdictions and is covered by an annotation, Admissibility of Inaudible Sound Recording, 57 A.L.R.3d 746. Generally it is held a relevant sound recording which is inaudible at times or which reproduces only a portion of a statement is admissible in evidence unless the inaudible portions or the omissions are so substantial they render the recording untrustworthy as a whole. (*United States v. Jones,* 540 F.2d 465 [10th Cir. 1976]; *United States v. Hodges,* 480 F.2d 229 [10th Cir. 1973]; *People v. Porter,* 105 Cal. App. 2d 324, 331, 233 P.2d 102, 107; *People v. Curry,* 192 Cal. App. 2d 664, 13 Cal. Rptr. 596.)

Under certain conditions recorded statements which contain a high percentage of inaudible or unrecorded intervals, not satisfactorily accounted for, have been excluded from evidence as being untrustworthy. See *United States v. Frazier,* 479 F.2d 983 (2nd Cir. 1973); *People v. Velella,* 216 N.Y.S.2d 488, 28 Misc. 2d 579; and *People v. Odneal,* 559 P.2d 230 (Colo. 1977).

In our present case the unrecorded intervals in the tape were explained to the satisfaction of the trial court. The sentences in the recording followed in logical sequence. No specific inaccuracy in the tape was pointed out. No claim was made that the original tape was altered. The trial court found that the recorded tape was trustworthy as a whole and of sufficient clarity and quality to assist the jury in its deliberations. We find no abuse of the trial court's discretion in admitting this tape.

The final point raised by appellant concerns a portion of the recorded tape where defendant referred to another crime which he and Wright had attempted. During the interrogation defendant told of the attempt by him and Wright to rob another liquor store after the Leahy robbery. The attempted robbery had been foiled when a woman employee was able to call the police after she became suspicious of the two men.

The rules relating to the admission of evidence of other crimes under K.S.A. 60-455 have been discussed by this court on many occasions. The guidelines are set forth in *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247, and *State v. Johnson,* 222 Kan. 465, Syl. ¶ 2, 565 P.2d 993. At the trial appellant retracted his confession and obtained testimony from his friend Wright that appellant was not with him on the day in question. Wright testified they had

been living together until a day or two before the Leahy robbery at which time appellant moved out. He further testified appellant moved back with him two or three days after the Leahy robbery. Later the two took a vacation in Arizona. Although he maintained that his accomplice in the Leahy robbery was not the appellant, he refused to disclose the name of said accomplice. The identity of the person with Wright at the time of the Leahy robbery was definitely in issue. Since the taped statement was given by appellant it is strong evidence that appellant and Wright participated in both crimes and remained together until they were picked up in Phoenix. The probative force of such a statement concerning the similar crime participated in by the same parties after the Leahy robbery can hardly be questioned. The similarities of the two crimes and common participation by these two persons established the required relevancy on issue of identity. The additional crime was part of the sequence of events involving both appellant and Wright from the time of the Leahy Liquor Store robbery until they were arrested in Arizona a month later. There was no abuse of discretion by the trial judge in admitting the entire taped statement. See *State v. Stephenson,* 191 Kan. 424, 427-430, 381 P.2d 335, and *State v. Taylor,* 198 Kan. 290, 424 P.2d 612.

The judgment is affirmed.