**STATE of Maine**

v.

**Robert A. ROSSIGNOL.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1990.

Decided Sept. 25, 1990.

Peter S. Kelley, Alan W. Hanson (orally), Caribou, for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant Robert A. Rossignol appeals from a conviction of murder (17–A M.R. S.A. § 201(1)(A) (1983)) following a jury trial in the Superior Court (Aroostook County, *Pierson, J.*). He contends that the court erred in admitting into evidence a partially inaudible videotaped recording of his confession. In addition, he contends that the court committed obvious error by failing to give a limiting instruction to the jury concerning the evidentiary use of the videotape. Finding no error, we affirm the judgment.

The relevant facts may be summarized as follows: Defendant was arrested for the murder of Elvie Johnson, a 90–year–old widow, and was taken to the Caribou police station where he was advised of his *Miranda* rights and interviewed by two State Police detectives. The interview was videotaped, but a noisy ventilation system rendered much of the conversation inaudible. One of the detectives testified at trial that defendant admitted during the interview that he killed Elvie Johnson and provided corroborative details of the crime. After unsuccessfully attempting to suppress his confession, defendant testified at trial that he did not kill Elvie Johnson and claimed he had discovered her body while stopping by her home to make a phone call. He testified that he had been refused access to a lawyer or a phone call prior to the police interview, and that he only confessed to the crime because he was scared and the police had promised he could go free if he told them what they wanted to know. On the final day of trial, the State offered the videotape in evidence as part of its case in rebuttal. The court admitted the videotape over defendant's objection and it was played for the jury. Despite the court's request, neither counsel submitted any pro-

James E. Tierney, Atty. Gen., Garry L. Greene (orally), Asst. Atty. Gen., Augusta, for the State.

posed jury instructions limiting the evidentiary use of the videotape.

In *State v. Mottram*, 158 Me. 325, 184 A.2d 225 (1962), this court upheld a judge's refusal to admit an audio recording that had not been redacted to exclude inaudible portions and inadmissible material. In *Mottram*, the excluded audio tape contained many immaterial and irrelevant matters as well as inaudible portions, and the defendant in that case made no attempt to comply with the judge's requirement to separate out the "vital parts." *Id.* at 337–38, 184 A.2d at 232. In the present case, the court examined the videotape and determined that, despite its poor sound quality, the entire videotape was admissible as evidence of the defendant's manner while answering questions and was probative on the question of duress and coercion.

Other courts have recognized that videotapes, unlike audio tapes, have evidentiary value beyond the spoken word. Pictures may indeed be worth more than words. In *State v. Wilson*, 220 Kan. 341, 347, 552 P.2d 931, 937 (1976), the court upheld the admission of a videotape showing the demeanor of the parties during a confession "even though portions thereof may not have been first quality reproductions of what was said and done." *See also United States v. Moran*, 194 F.2d 623, 626 (2d Cir.1952) (a silent film was properly admitted to show the defendant's demeanor while testifying before a Senate subcommittee). Furthermore, "[a]dmission is especially appropriate 'where [as in this case] a witness who heard the statements also testifies and the recording gives independent support to his testimony.'" *United States v. Davis*, 780 F.2d 838, 846 (10th Cir.1985) (quoting *United States v. Jones*, 540 F.2d 465, 470 (10th Cir.1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977)).

■ The admission of an audio or videotape with poor sound quality clearly rests within the discretion of the trial court. *See United States v. Carbone*, 798 F.2d 21, 24 (1st Cir.1986); *United States v. Richman*, 600 F.2d 286, 294 (1st Cir.1979). Generally audio tapes have been admitted unless "the inaudible parts are so substantial as to make the rest more misleading than helpful." *United States v. Carbone*, 798 F.2d at 24. Furthermore, there is no abuse of discretion in admitting an audio tape with poor sound quality if "enough of the conversation [is] audible and relevant to the purpose for which it was admitted." *United States v. Nashawaty*, 571 F.2d 71, 75 (1st Cir.1978).

■ A partially inaudible videotape containing relevant evidence should be excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." M.R.Evid. 403. "The discretionary rulings of the court under M.R.Evid. 403 should not be set aside absent a clear abuse of discretion," *State v. Naoum*, 548 A.2d 120, 125 (Me.1988) (citing *State v. Mylon*, 462 A.2d 1184, 1187 (Me. 1983)). In this case, the Superior Court reviewed the videotape and found both the picture and sound relevant and probative. The court did not abuse its discretion in deciding that the probative value of the videotape was not outweighed by the danger of unfair prejudice.

■ Because he failed to submit proposed instructions and did not object to the court's charge to the jury, defendant failed to preserve his present claim of error concerning jury instructions. The court's omission of a limiting instruction does not constitute obvious error under the standard set forth in *State v. True*, 438 A.2d 460, 467–69 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.