No. 88,454

STATE OF KANSAS, *Appellee*, v. JOBY M. HOGE, *Appellant*.

(80 P.3d 52)

Opinion filed December 12, 2003.

*Rick Kittel*, assistant appellate defender, argued the cause and was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: Joby M. Hoge appeals his convictions for one count each of first-degree murder and aggravated burglary. Finding no error, we affirm Hoge's convictions.

On June 11, 2000, Wichita police responded to a call from a concerned neighbor and found Ivan Winn dead in his house. When the police arrived at Winn's house, the neighbor told them that he had heard a loud noise at 5:20 in the morning and had seen what appeared to be someone's shoulder in a white shirt outside of Winn's window. Later, the neighbor found Winn's bathroom window open with the shade hanging out. The vegetation around the window had been stomped down.

Winn did not respond to the police officer's calls, so a police officer unlocked Winn's front door with a key that Winn had given the neighbor. Inside, the police found Winn lying in a pool of blood on the floor in his bedroom. Winn had been killed by a single shot to the head. The crime scene investigator found five other bullets in Winn's bedroom and six shell casings. The bathroom window screen was lying behind some tall vegetation along the side of the house, and there were pry marks on the window sill, indicating a forced entry. The crime scene investigator lifted several fingerprints from Winn's house. Although the prints were not immediately identified, the fingerprint analyst matched the prints to Hoge's fingerprints several months later.

Detective Dana Gouge, a Wichita homicide detective assigned to investigate Winn's murder, contacted Hoge at his home in Liberal, Kansas, for an interview. Hoge agreed to be interviewed and voluntarily accompanied Detective Gouge and a Liberal police officer to the Liberal police station. Hoge initially told Detective Gouge that he did not know Winn and had never been to Winn's house. After being confronted with the evidence of his fingerprint on Winn's window, Hoge told Detective Gouge that he had gone to Winn's house with Quincy Hadley to get some alcohol and that Winn had opened the door for them. Hoge told Gouge that he sat on a couch in one room while Hadley went with Winn into another room. When Hoge heard gunshots, he climbed out of the bathroom window to escape.

Detective Gouge then asked Hoge to explain why his fingerprint was on the outside of the window and why there were pry marks on the window. Hoge explained that he waited on the front porch while Hadley pried the window off and then let Hoge in through the front door. Hoge stated that he must have touched the window when he escaped during the gunfire. However, when Detective Gouge told Hoge that his explanation did not correspond with the location of the fingerprint on the window, Hoge finally admitted that he helped pry the window off. Hoge also told Detective Gouge that he and Hadley entered Winn's house so Hadley could rob Winn.

When it was clear to Hoge that he would be arrested, he told Detective Gouge that Hadley threatened to beat him up if he did not help him pry the window off. Finally, Hoge told Detective Gouge that Hadley had a small, chrome gun and threatened to shoot him if he did not help burglarize Winn's house.

The State charged Hoge with one count of premeditated first-degree murder, one count of felony first-degree murder, and one count of aggravated burglary. At trial, the State proceeded on both theories of first-degree murder, and the trial court instructed the jury regarding both theories. Hoge raised compulsion as his defense.

The jury was unable to reach a unanimous finding of guilt under either theory but found Hoge guilty of first-degree murder under the combined theories of premeditated murder and felony murder. The jury also found Hoge guilty of aggravated burglary. The court sentenced Hoge to life in prison on the first-degree murder charge with a minimum of 20 years before he is eligible for parole. On the aggravated burglary charge, the court sentenced Hoge to 49 months and ordered it to run consecutive to his life sentence. Hoge appeals to this court pursuant to K.S.A. 22-3601(b)(1).

## Instructions for Lesser Included Offenses

For his first issue, Hoge argues that the trial court should have given an instruction for intentional second-degree murder as a lesser included crime. He requested several lesser included homicide instructions at trial. However, the trial court denied his re-

quest, finding that lesser included offense instructions were unnecessary because Hoge was charged with felony murder and the evidence of the underlying felony was neither weak nor inconclusive. Because Hoge requested the instructions, this court must review the matter in a light most favorable to Hoge. See *State v. Douglas*, 274 Kan. 96, 103, 49 P.3d 446 (2002).

Hoge claims that the trial court should have given the lesser included offense instructions under the premeditated-murder theory even though the instructions were not warranted under the felony-murder theory. In his argument, he stresses the fact that the jury convicted him under the combined theories of premeditated murder and felony murder without reaching agreement on the underlying theory.

Because the jury was divided regarding the theory for Hoge's first-degree murder conviction, we review each theory separately to determine whether the jury should have been instructed on lesser included crimes.

Under the felony-murder theory, lesser included offense instructions are unnecessary unless the evidence of the underlying felony is weak, inconclusive, or conflicting. *State v. Jones*, 257 Kan. 856, 871, 896 P.2d 1077 (1995). Hoge does not argue that the evidence of the underlying felony was weak or inconclusive. Instead, he argues that the instructions should have been given under the premeditated-murder analysis. As a result, we need not consider whether the instructions were required under the felony-murder theory.

Under the premeditated-murder theory, the general rules for lesser included offense instructions apply. *Jones*, 257 Kan. at 872. If the defendant requests the instructions, the trial court has a duty to instruct the jury regarding all lesser included crimes that are established by the evidence, regardless of whether the evidence is weak or inconclusive. K.S.A. 2002 Supp. 22-3414(3); *State v. Davis*, 268 Kan. 661, 681, 998 P.2d 1127 (2000). An instruction on a lesser included crime, however, is not required if the jury could not reasonably convict the defendant of the lesser crime based on the evidence presented. *Douglas*, 274 Kan. at 103; *Davis*, 268 Kan. at 681.

Hoge argues that the evidence supports a conviction for intentional second-degree murder. Pursuant to K.S.A. 2002 Supp. 21-3402, second-degree murder is

"the killing of a human being committed:
(a) Intentionally; or
(b) unintentionally but recklessly under circumstances manifesting extreme indifference to the value of human life."

The difference between first-degree murder and second-degree murder is premeditation. Hoge argues that there is no evidence of premeditation. Premeditation may be inferred from " '(1) the nature of the weapon used; (2) lack of provocation; (3) the defendant's conduct before and after the killing; (4) threats and declarations of the defendant before and during the occurrence; and (5) the dealing of lethal blows after the deceased was felled and rendered helpless.' [Citation omitted.]" *State v. Murillo*, 269 Kan. 281, 286, 7 P.3d 264 (2000).

The evidence in this case supports an inference of premeditation. Hoge and Hadley entered Winn's house with a gun. Six gunshots were fired either directly at the bed or within a few feet of the bed where Winn was sleeping. The shooter fired two bullets from the doorway between the dining room and Winn's bedroom, penetrating Winn's mattress. Two shots were fired from the foot of Winn's bed, with one of the bullets passing through a CD player that was laying on the bed and the other entering the wall at the head of the bed. The final two shots were fired near the closet door in the bedroom, with those bullets entering the wall on the right side of the bed and the victim. The fatal shot hit the victim in the left cheek, nearly severing his spinal cord and causing him to immediately drop to the floor. There was no evidence of a struggle or any other disturbance in the house, other than a box fan that had been knocked over on the floor of Winn's bedroom. At the foot of the bed, near Winn's leg, police found a sack filled with 13 bottles of alcohol, Hoge's alleged target for the burglary.

Hoge did not rebut the State's evidence or present any evidence that Winn was shot accidentally. Instead, he raised compulsion as a defense, claiming that he had to participate in burglarizing Winn's

home or risk being beaten or shot by Hadley. This defense does not negate the evidence of premeditation in support of second-degree murder.

The State could not prove whether Hoge or Hadley fired the shots but proceeded on an aiding and abetting theory. Consequently, Hadley's premeditation transfers to Hoge, whether Hoge thought about killing Winn or not. Either Hoge was guilty of premeditated murder as an aider and abetter, or he was innocent because he was forced to participate. By finding Hoge guilty, the jury clearly rejected Hoge's compulsion defense.

Because there is no evidence to support a conviction for second-degree murder, the trial court did not err when it failed to give the lesser included offense instructions. Although the trial court relied on the wrong analysis, it reached the right result based on the facts of this case. The judgment of the trial court will be upheld even though the trial court relied on the wrong reason for its decision. See *State v. Bryant*, 272 Kan. 1204, 1209-10, 38 P.3d 661 (2002).

## Combined Theories of Premeditated Murder and Felony Murder

Next, Hoge raises two issues regarding the State's prosecution under the combined theories of premeditated murder and felony murder as a basis for first-degree murder. First, he argues that the trial court improperly instructed the jury that it could rely on the combined theories of premeditated murder and felony murder rather than agreeing on a single theory. Second, he argues that his conviction for first-degree murder must be reversed because the jury did not agree on the underlying theory of guilt, thereby denying him a unanimous verdict. Although both issues are analyzed using different standards of review, both are predicated on the same basic argument. Consequently, they will be analyzed together to avoid repetition.

Both of Hoge's arguments are predicated on his conclusion that premeditated murder and felony murder are separate and distinct crimes. Hoge relies on *State v. Wakefield*, 267 Kan. 116, 977 P.2d 941 (1999), and *State v. Vontress*, 266 Kan. 248, 970 P.2d 42 (1998), for this proposition. In both *Wakefield* and *Vontress*, the defendants were charged with first-degree murder under both the-

ories of premeditated murder and felony murder and found guilty under both theories. The *Wakefield* and *Vontress* defendants argued that their convictions were not unanimous because the jury did not unanimously agree on the underlying theory. Noting the legislative change in sentencing options for premeditated murder, the *Wakefield* and *Vontress* courts distinguished earlier case law which required unanimity as to the crime of first-degree murder but did not require unanimity as to the underlying theory. *Wakefield*, 267 Kan. at 137-141 (citing *State v. Thompkins*, 263 Kan. 602, 609-10, 952 P.2d 1332 [1998]; *State v. Kingsley*, 252 Kan. 761, 785, 851 P.2d 370 [1993], *modified on other grounds by State v. Willis*, 254 Kan. 119, 864 P.2d 1198 [1993] [holding that the jury unanimously convicted the defendant of first-degree murder even if it was not unanimous about the underlying theory without distinguishing the recent enactment of the hard 40 sentence]; *State v. Hartfield*, 245 Kan. 431, 781 P.2d 1050 [1989]; *State v. Wilson*, 220 Kan. 341, 552 P.2d 931 [1976], *overruled on other grounds State v. Quick*, 226 Kan. 308, 317, 597 P.2d 1108 [1979] [finding the jury's verdict unanimous even though the jury did not specify the underlying theory]); *Vontress*, 266 Kan. at 262-64 (citing the same cases as *Wakefield*).

In 1990, the legislature added the hard 40 sentencing option for persons convicted of premeditated murder. L. 1990, ch. 99, sec. 8. In 1994, the legislature amended the sentencing provisions, requiring 15 years before a defendant is eligible for parole for felony murder while subjecting a defendant convicted of premeditated murder to several harsher sentencing options like the death penalty, a hard 40 sentence, or a hard 25 sentence. See K.S.A. 2002 Supp. 21-4706(c); K.S.A. 21-4624(a); K.S.A. 2002 Supp. 21-4635(a); K.S.A. 2002 Supp. 22-3717(b)(1).

Nevertheless, both courts upheld the convictions, finding that the verdicts were unanimous. *Wakefield*, 267 Kan. at 141; *Vontress*, 266 Kan. at 264. Although the *Wakefield* and *Vontress* courts noted the change in sentencing laws, they did not apply the change to overrule previous decisions that did not require unanimity on the theory of first-degree murder. In *Vontress*, the court applied the change in sentencing laws by limiting the available sentences if the

jury did not reach a unanimous verdict regarding the premeditated-murder theory. 266 Kan. at 264. The *Vontress* court stated: "Where the sentencing court cannot ascertain whether the jury unanimously convicted the defendant of both premeditated murder and felony murder, the sentencing court has no authority for sentencing the defendant for premeditated murder." 266 Kan. at 264.

In dicta, the *Vontress* court stated: "As stated in the statute, premeditated murder and felony murder are separate and distinct offenses, although the death of an individual is an element necessary to prove each of the crimes." 266 Kan. at 262. Hoge pinpoints this dicta from the *Vontress* opinion, which was later included in the *Wakefield* opinion, to support his argument that the jury verdict was not unanimous.

It is important to note that the *Vontress* court made this statement without analyzing whether premeditated murder and felony murder were separate crimes. In fact, this court has determined that the two are not separate and distinct crimes, but merely different theories of proving the required elements of premeditation and intent for the crime of first-degree murder. See *State v. Chism*, 243 Kan. 484, 491-92, 759 P.2d 105 (1988) (holding that lesser included crime instructions were not necessary for defendant who was charged alternatively with premeditated murder and felony murder); *State v. Barncord*, 240 Kan. 35, 37-38, 726 P.2d 1322 (1986) (finding an amendment to the information unnecessary to charge felony murder in the alternative to premeditated murder and stating that premeditated murder and felony murder are not separate and distinct offenses); *State v. McCowan*, 226 Kan. 752, 759-61, 602 P.2d 1363 (1979)(allowing the State to amend the information on remand to allege a different underlying felony for the felony murder charge and permitting the trial court to instruct the jury on premeditated murder in the second trial even though the defendant's first trial proceeded solely on the theory of felony murder). " 'The felonious conduct is held tantamount to the elements of deliberation and premeditation which are otherwise required for first-degree murder.' [Citation omitted.]" *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001).

In *State v. Davis*, 268 Kan. at 669, the jury found the defendant guilty of first-degree murder under the combined theories of premeditated murder and felony murder. The *Davis* court analyzed the issue using the alternate means rule from *State v. Timley*, 255 Kan. 286, 288-90, 875 P.2d 242 (1994). *Davis*, 268 Kan. at 679. After finding sufficient evidence to support both theories, the *Davis* court concluded that the defendant was not deprived of his right to a unanimous verdict. *Davis*, 268 Kan. at 680-81.

The form of the statute supports the *Davis* court's conclusion that premeditated murder and felony murder are alternate means of committing the same crime and not separate and distinct crimes. K.S.A. 21-3401 provides:

"Murder in the first degree is the killing of a human being committed:
(a) Intentionally and with premeditation; or
(b) in the commission of, attempt to commit, or flight from an inherently dangerous felony as defined in K.S.A. 21-3436 and amendments thereto."

Hoge's argument that premeditated murder and felony murder are separate and distinct crimes is without merit. Nevertheless, we will address each of the issues he raises based on this argument.

First, Hoge argues that the trial court erroneously instructed the jury regarding the combined theories of felony murder and premeditated murder as a basis for first-degree murder. When reviewing jury instructions, an appellate court must consider all of the instructions together without isolating any one instruction. If the instructions as a whole properly and fairly state the law as applied to the facts of the case and a jury could not have been misled by them, then the instructions do not constitute reversible error even if they are in some way erroneous. *State v. Peterson*, 273 Kan. 217, 221, 42 P.3d 137 (2002).

The instruction at issue, No. 18, states:

"In this case, the State has charged the defendant with one offense of murder in the first degree and has introduced evidence on two alternate theories of proving this crime.

"The State may prove murder in the first degree by proving beyond a reasonable doubt that Joby M. Hoge killed Ivan A. Winn and that such killing was done while in the commission of or attempting to commit Aggravated Burglary, or in the

alternative by proving beyond a reasonable doubt that Joby M. Hoge killed Ivan A. Winn intentionally and with premeditation, as fully set out in these instructions.

"Where evidence is presented on the two alternate theories of proving the crime charged, you must consider both in arriving at your verdict.

"In Instruction No. 16, the court has set out for your consideration the essential claims which must be proved by the State before you may find the defendant guilty of felony murder, that is the killing of a person in the commission of or in an attempt to commit Aggravated Burglary.

"In Instruction No. 15, the court has set out for your consideration the essential claims which must be proved by the State before you may find the defendant guilty of premeditated murder.

"If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you will enter a verdict of guilty of Murder in the First Degree. Your presiding juror will then check which theory you based your decision upon.

"Theory (1A) should be checked if you unanimously agree that the defendant is guilty of murder in the first degree on the theory of premeditated murder.

"Theory (1B) should be checked in you unanimously agree that the defendant is guilty of murder in the first degree on the theory of felony murder.

"If you unanimously agree that the defendant is guilty under both theory (1A) and (1B) then your presiding juror should check both (1A) and (1B).

"If you unanimously agree that the defendant is guilty of murder in the first degree but you cannot unanimously agree under which theory then your presiding juror should check theory (1C) which is the combined theory of premeditated murder and felony murder. Checking theory (1C) means that all jury members must have found the defendant guilty beyond a reasonable doubt under either theory (1A) or (1B) but the jury members could not unanimously agree between the two theories.

"If you have a reasonable doubt as to the guilt of the defendant as to the crime of murder in the first degree on either or both theories, then you must enter a verdict of not guilty."

In *Wakefield*, the jury was instructed as follows:

" 'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you will enter a verdict of guilty on either or both theories. If you are unable to unanimously agree on either theory, but you each agree that the State has proven murder in the first degree on one of the two theories, you will enter a verdict of guilty on the combined theories of premeditated murder and felony murder.' " 267 Kan. at 137.

In *Vontress*, the jury was instructed as follows:

" 'Where evidence is presented on the two alternate theories of proving the crime charged, you must consider both in arriving at your verdict.

. . . .

" 'If you do not have a reasonable doubt from all of the evidence that the State has proven murder in the first degree on either or both theories, then you will enter a verdict of guilty.' " 266 Kan. at 261.

### The jury was further instructed:

" 'If you find the defendant is guilty of murder in the first degree, the Presiding Juror shall sign the applicable verdict form and, in addition, you shall then determine the alternative theory or theories contained in "Theory 1A," "Theory 1B," or "Theory 1C." The Presiding Juror shall sign the applicable alternative Theory Verdict form.' " 266 Kan. at 261.

### The verdict form in *Vontress* stated:

" '1. We, the jury, unanimously find the defendant guilty of murder in the first degree.

. . . .

" 'Select the appropriate theory or theories:
" 'Theory (A) We, the jury, unanimously find the defendant guilty of murder in the first degree on the theory of premeditated murder.

. . . .

" 'Theory 1(B) We, the jury, unanimously find the defendant guilty of murder in the first degree on the theory of felony murder.

. . . .

" 'Theory 1(C) We, the jury, unable to agree under Theory 1(a) or 1(b), do unanimously find the defendant guilty of murder in the first degree on the combined theories of premeditated murder and felony murder.' " 266 Kan. at 261.

Although the *Wakefield* court appears to find error with these instructions, the *Vontress* court found that the instructions clearly inform the jury that a unanimous verdict was required under either or both theories of guilt. *Wakefield*, 267 Kan. at 137; *Vontress*, 266 Kan. at 264. Neither court, however, reversed the defendants' conviction based on an error in the instructions. *Wakefield*, 267 Kan. at 141; *Vontress*, 266 Kan. at 264.

The instructions given in this case are a combination of the PIK recommended instructions and verdict forms for murder in the first degree under alternative theories. The instruction at issue exactly follows the language in PIK Crim. 3d 56.02A and the format of the corresponding verdict form PIK Crim. 3d 68.16, both of

which incorporate the instruction and verdict form language from *Vontress*. Although the use of PIK instructions is not mandatory, it is strongly recommended as a starting point in the preparation of any set of jury instructions. If the facts in a case require modification, the trial court should modify or add to the PIK instructions as necessary. *State v. Kleypas*, 272 Kan. 894, 1035, 40 P.3d 139 (2001).

The instruction in this case differs from the pattern instruction and verdict form by informing the jury to check both theories (1A) and (1B) if the members unanimously agree on both theories and by elaborating on the instruction for theory (1C) when the members could not unanimously agree on either theory. These differences clarify the law without misstating the law or confusing the jury. Thus, the trial court did not erroneously instruct the jury regarding the alternative theories for first-degree murder.

The next issue is whether Hoge's conviction for first-degree murder must be reversed because the jury verdict was not unanimous. The issue of jury unanimity is a question of law over which this court has de novo review. See, *e.g.*, *Davis*, 268 Kan. 661, 678-81, 998 P.2d 1127 (2000); *Wakefield*, 267 Kan. at 136-41; *Vontress*, 266 Kan. at 260-64; *Kingsley*, 252 Kan. at 785-86; *Hartfield*, 245 Kan. at 446-47; *Wilson*, 220 Kan. at 344-45.

To determine whether the jury verdict was unanimous when the defendant is charged with both felony murder and premeditated murder as underlying theories for first-degree murder, the proper test to apply is the alternative means test as found in *State v. Timley*, 255 Kan. at 289, which provides:.

" 'In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to *guilt* for the single crime charged. Unanimity is not required, however, as to the *means* by which the crime was committed so long as substantial evidence supports each alternative means. [Citations omitted.] In reviewing an alternative means case, the court must determine whether a rational trier of fact *could* have found each means of committing the crime proved beyond a reasonable doubt. [Citations omitted.]' "

In this case, there is sufficient evidence to support a rational juror's belief that Hoge committed first-degree murder under either theory. Hoge admitted that he and Hadley entered Winn's

house to rob him. He also admitted that he knew Hadley had a gun. When combined with Hoge's fingerprint on the window and the evidence of forced entry, these admissions support a finding of felony murder.

Likewise, the number and location of shots fired in Winn's bedroom coupled with the presence of alcohol, which was the target of the robbery, lead to the inference that Hoge and Hadley broke into Winn's house for the purpose of killing Winn. It also supports the inference that Hoge and Hadley killed Winn to prevent him from being a witness against them. The jury could have inferred that they brought the gun to kill any possible eyewitnesses. This clearly establishes the premeditation and intent necessary for premeditated murder.

The jury unanimously found Hoge guilty of first-degree murder. The jury was not required to agree on the means by which Hoge committed the crime as long as both alternative means were supported by the evidence. Accordingly, Hoge's conviction for first-degree murder need not be reversed for lack of jury unanimity.

### Sufficient Evidence to Support Premeditation

Next, Hoge argues that the evidence is insufficient to establish premeditation. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Beach*, 275 Kan. 603, Syl. ¶ 2, 67 P.3d 121 (2003).

As stated previously, there is sufficient evidence to support a finding of premeditation. Hoge, however, focuses his argument on whether it was reasonably foreseeable that Hadley would shoot Winn.

" '[P]remeditation is the process of simply thinking about a proposed killing before engaging in the homicidal conduct.' [Citations omitted.]" *State v. Saleem*, 267 Kan. 100, 104, 977 P.2d 921 (1999). Premeditation may be established by circumstantial evidence. but may not be inferred by the use of a deadly weapon alone. Circumstances that may establish premeditation include:

" '(1) the nature of the weapon used; (2) lack of provocation; (3) the defendant's conduct before and after the killing; (4) threats and declarations of the defendant before and during the occurrence; and (5) the dealing of lethal blows after the deceased was felled and rendered helpless.' [Citation omitted.]" *State v. Murillo*, 269 Kan. 281, 286, 7 P.3d 264 (2000).

Hoge attempts to add forseeability as a new factor for determining premeditation. We decline to do so.

## Exclusion of Evidence

Next, Hoge argues that the trial court improperly excluded evidence that Winn sold drugs. The admission or exclusion of evidence is within the trial court's discretion, subject to exclusionary rules. This court reviews the matter using an abuse of discretion standard. *State v. Jenkins*, 272 Kan. 1366, 1378, 39 P.3d 47 (2002).

Hoge argues that the evidence was necessary to advance his theory of defense. This argument is without merit. Hoge's theory of defense was compulsion. Winn's activities with illegal narcotics were irrelevant in proving whether Hoge was compelled to assist Hadley out of fear that he would be beaten or shot.

Hoge further contends that the evidence would have impeached the State's theory of the case and asks this court to apply the reasoning in *State v. Nixon*, 223 Kan. 788, 576 P.2d 691 (1978). In *Nixon*, the defendant attempted to admit evidence that a rape victim had sold drugs. The purpose of the testimony was to impeach the victim, who had previously testified that she had never sold drugs. Because the main issue was whether the victim had consented to the sexual conduct, the victim's veracity was in issue. The *Nixon* court held that the trial court erred when it excluded the testimony. 223 Kan. at 794.

*Nixon*, however, does not apply to the facts in this case. Hoge was not attempting to impeach a witness, and the evidence does not impeach the State's theory that Winn was murdered during the commission of an aggravated burglary, especially when the target of the burglary was stealing alcohol, not drugs.

## Jury Question

Finally, Hoge claims that the trial court improperly responded to the jury's question during deliberations. A trial court's response

to jury questions during deliberations is reviewed for an abuse of discretion. *State v. Moore*, 274 Kan. 639, 643, 55 P.3d 903 (2002).

" 'The important consideration is that the jury be properly instructed on the essential issues presented at the trial, and this is particularly true in a criminal proceeding when the question presented by the jury involves the basic elements of the criminal offense on which the defendant is being tried.' If reasonable persons could differ about the propriety of the trial court's decision, there will be no abuse of discretion. [Citation omitted.]" *State v. Robbins*, 272 Kan. 158, 168, 32 P.3d 171 (2001).

The jury question at issue states:

"Due to the confusion of what was said during the closing arguments, should Instruction No. 15 claim No. 1 state that 'That Joby M. Hoge or another'—underlined—'or another intentionally killed Ivan A. Winn', [*sic*] instead of what was stated in the instructions?"

The trial court responded by telling the jury to reread instructions 11, 12, and 15. Instructions 11 and 12 are the aiding and abetting instructions, and instruction 15 is the premeditated murder instruction. Hoge argues that the trial court unduly emphasized the aiding and abetting theory.

The State prepared two responses to the jury's question. First, the State suggested that the court respond by informing the jury as follows:

"If you unanimously find beyond a reasonable doubt that the defendant aided or abetted another (as the term aiding and abetting is defined in Instruction 11 and 12) in the premeditated murder (as premeditated murder is defined in Instruction No. 15), then you may find the defendant guilty, regardless of whether or not he was the actual shooter."

For its second proposed response, the State suggested that the court direct the jury to reread instructions 11, 12, and 15. Hoge's attorney objected to the State's first proposal, stating that "it should be enough to say, no, there's not a mistake in the instructions, but if you direct them to certain instructions, as the second instruction suggests, I don't have—specifically have an objection to that." However, when the court announced that it would follow the State's second proposal, Hoge's attorney stated: "I guess at this point what I'll do is object for the record and leave it at that."

This court has applied the general standard of review for jury instructions found in K.S.A. 2002 Supp. 22-3414 to questions asked after deliberations. See *State v. Saenz*, 271 Kan. 339, 352, 22 P.3d 151 (2001). K.S.A. 2002 Supp. 22-3414(3) provides:

"No party may assign as error the giving or failure to give an instruction, including a lesser included crime instruction, unless the party objects thereto before the jury retires to consider its verdict stating distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is clearly erroneous."

Instructions are clearly erroneous if the reviewing court is convinced there is a real possibility that the jury would have rendered a different verdict without the error. *Saenz*, 271 Kan. at 352.

Hoge's attorney initially raised no objection to the proposed response. After the court decided to use the response, Hoge's attorney objected "for the record," but failed to distinctly state what was objectionable about the court's instruction and failed to state any grounds for her objection. Thus, unless the instruction is clearly erroneous, Hoge has failed to preserve the issue on appeal.

The jury did not reach a unanimous verdict regarding the theory of premeditated murder. For the instruction to be clearly erroneous, this court would have to determine that the jury would have reached a different verdict without the instruction. The only other verdict options were not guilty of first-degree murder or a unanimous agreement on either felony murder or premeditated murder. Given the facts, it is unreasonable to believe that the jury would have acquitted Hoge on the first-degree murder charge. Hoge essentially admitted that he committed felony murder. He admitted that he was present when Winn was killed and that he and Hadley broke into Winn's house to rob him.

The only other verdict option is that the jury would have reached a unanimous agreement that Hoge committed premeditated murder. Hoge is not arguing that the jury would have reached this verdict if the trial court had properly instructed the jury. Consequently, there are no viable verdict options, and this court has no reason to believe that the jury would have rendered a different verdict if the court had responded differently to the jury's question.

As a result, Hoge has failed to preserve this issue on appeal, and we will not address it.

Affirmed.