IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,045

STATE OF KANSAS,
*Appellee*,

v.

MEKA RICHARDSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

A motion to correct illegal sentence under K.S.A. 2020 Supp. 22-3504 may be summarily denied without the appointment of counsel when the motion, files, and records of the case conclusively show the defendant has no right to relief. Whether a sentence is illegal is a question of law subject to de novo review.

2.

Jury unanimity on premeditation is required before a district court judge can convene the hard 40 sentencing hearing authorized under K.S.A. 1992 Supp. 21-4624.

3.

The motion, files, and records in this case conclusively show that the jury unanimously convicted the defendant of first-degree murder on the theory of premeditation.

4.

Generally, pro se motions and pleadings must be liberally construed, giving effect to the document's content rather than the labels and forms used to articulate a defendant's

1

arguments. A defendant's failure to cite the correct statutory grounds in the motion or pleading is immaterial. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review.

5.

The district court correctly construed the pro se pleading filed in this case as a motion to correct illegal sentence under K.S.A. 2020 Supp. 22-3504.

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed September 17, 2021. Affirmed.

*David L. Miller*, of The Law Office of David L. Miller, of Wichita, was on the briefs for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.:  A jury convicted Meka Richardson of first-degree murder in 1992, and the court sentenced her to life in prison without the possibility of parole for 40 years (hard 40 sentence). Richardson filed a motion to correct illegal sentence under K.S.A. 22-3504 asserting that her hard 40 sentence is illegal because it does not conform to certain statutory requirements. The district court denied her motion to correct illegal sentence. She appeals from the court's denial and, alternatively, contends the district court should have construed her motion as a K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

As the issues on appeal are legal ones, the facts of the underlying criminal matter are largely irrelevant. But to the extent that they are, this court previously summarized the facts in *State v. Richardson*, 256 Kan. 69, 70-72, 883 P.2d 1107 (1994).

In August 1992, a jury convicted Richardson of first-degree murder and aggravated robbery in the shooting death of Brenda Wassink. The jury convicted Richardson of first-degree murder based on two alternative theories presented by the State: (1) premeditated murder and (2) murder during the commission of a felony offense—aggravated robbery. Under the procedure outlined in K.S.A. 1992 Supp. 21-4624, the district court conducted a hard 40 sentencing trial before a jury. The jurors returned a unanimous verdict finding specific aggravating factors existed and that those aggravated factors were not outweighed by any mitigating factors. Based on the jury's findings, the district court sentenced Richardson to life in prison without the possibility of parole for 40 years on the first-degree murder conviction.

Twenty-seven years after the court sentenced her, Richardson filed a pro se motion to correct illegal sentence with the district court. In it, she alleged that her hard 40 sentence was illegal because: (1) her sentence did not conform to K.S.A. 1992 Supp. 21-4624(2) in that it is impossible to discern from the verdict form whether the jury unanimously found her guilty of premeditated first-degree murder; and (2) her sentence did not conform to K.S.A. 1992 Supp. 21-4624(3) because the district court allowed into evidence at the sentencing hearing a prior criminal diversion agreement, which violates certain federal and state constitutional provisions and K.S.A. 1992 Supp. 22-2910. About a month after this filing, Richardson filed an amendment to her motion claiming that her sentence did not conform to the requirements of K.S.A. 1992 Supp. 21-4623. She argued that when the court imposed the sentence, a psychological evaluation showed that she

3

suffered from borderline mental retardation and that this finding precluded the court from imposing a hard 40 sentence. We note for clarity that at the time of the district court proceedings, Kansas sentencing statutes used the term "mentally retarded" instead of "intellectual disability." Compare K.S.A. 2016 Supp. 21-6622, with K.S.A. 1992 Supp. 21-4623. The Legislature changed the language in 2012. L. 2012, ch. 91, §§ 1, 16. Variations of both designations are referred to as necessary to give context to the facts and address the parties' arguments.

Finding no need for appointment of counsel or a preliminary hearing, the district court summarily denied Richardson's motion to correct illegal sentence. The court found her jury unanimity issue argument lacked merit because the court instructed the jurors that their verdict must be unanimous. The court also provided the jury with a single verdict form that allowed it to find Richardson guilty of first-degree felony murder, first-degree premeditated murder, and first-degree murder under both combined theories. By signing each of those options on the verdict form, the jury made separate findings of guilty on each theory. Because the jury found her independently guilty of premeditated murder, the district court had authority to impose the hard 40 sentence. The district court also pointed to this court's decision in *State v. Kingsley*, 252 Kan. 761, 851 P.2d 370 (1993), to support its finding that the jury reached a unanimous verdict.

On the diversion agreement issue, the district court found that Richardson could not raise constitutional claims in a motion to correct illegal sentence. On the intellectual disability issue, the court determined that Richardson's claim was conclusory and unsupported by the evidence. The court noted nothing in the 1992 psychological evaluation supported a finding of mental retardation. To the contrary, the court found several details in the 1992 psychological evaluation supported a finding that she was *not* mentally retarded:  Richardson completed high school, she had no indication of perceptual distortion or gross thought disorder, her intelligence level was borderline, and

4

she suffered "mild organic impairment/learning disability." The report recommended that Richardson serve "an appropriate sentence." Based on the report, the court found that Richardson failed to provide sufficient evidence to establish mental retardation under K.S.A. 1992 Supp. 21-4623.

Richardson timely filed her notice of appeal to this court. This court can hear her appeal under K.S.A. 2020 Supp. 22-3601(b)(2) because the court convicted Richardson in 1992 of first-degree murder, which at the time was a Class A felony. It also has jurisdiction under K.S.A. 2020 Supp. 22-3601(b)(3), because the court sentenced her to life in prison without parole for a minimum of 40 years.

ANALYSIS

*Illegal Sentence*

When a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, this court exercises de novo review of that decision because it has the same access to the motions, records, and files as the district court. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). A K.S.A. 22-3504 motion may be summarily denied without the appointment of counsel when the motion, files, and records of the case conclusively show the defendant has no right to relief. But a district court is statutorily required to appoint an attorney to represent an indigent defendant when the K.S.A. 22-3504 motion presents a substantial question of law or triable issue of fact. *State v. Laughlin*, 310 Kan. 119, 121, 444 P.3d 910 (2019).

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Redding*, 310 Kan. 15, 23, 444 P.3d 989 (2019). An illegal sentence is defined as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to

5

the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *Gilbert*, 299 Kan. at 801.

Richardson claims that her hard 40 sentence is illegal because it did not conform to K.S.A. 1992 Supp. 21-4624. She argues the court should have sentenced her to life with a mandatory minimum prison term of 15 years as contemplated in K.S.A. 1992 Supp. 22-3717.

When the court sentenced Richardson, K.S.A. 1992 Supp. 21-4624 governed proceedings to determine whether a defendant convicted of premeditated murder in the first degree should serve a mandatory minimum prison term of 40 years. On the district or county attorney's motion, the statute requires the court to conduct a separate sentencing proceeding on the issue. K.S.A. 1992 Supp. 21-4624(2). If the jury finds that aggravating circumstances exist and that those aggravating circumstances are not outweighed by any existing mitigating circumstances, the court must sentence the defendant to a hard 40. If the jury does not find that aggravating circumstances exist or finds that the existing aggravating circumstances do not outweigh existing mitigating circumstances, the court must sentence the defendant as provided by law, which in this case would have been life with a mandatory minimum prison term of 15 years. See K.S.A. 1992 Supp. 22-3717 (inmate sentenced to life for a class A felony eligible for parole after serving 15 years of confinement).

Richardson does not challenge the jury's finding of aggravating circumstances after the hard 40 sentencing hearing. Instead, she argues the court was not legally authorized to have a hard 40 hearing under K.S.A. 1992 Supp. 21-4628 in the first place because the record does not reflect that the jury unanimously convicted her of premeditated murder, a necessary legal prerequisite to the hard 40 sentencing hearing

6

under the statute. We agree that unanimity on premeditation is required before a district court judge can hold a hard 40 hearing and, in turn, impose a hard 40 sentence. See, e.g., *State v. Laurel*, 299 Kan. 668, 678, 325 P.3d 1154 (2014) (vacating hard 25 sentence because jury did not unanimously convict defendant of premeditated first-degree murder); *State v. Wakefield*, 267 Kan. 116, 140-41, 977 P.2d 941 (1999) (recognizing that hard 40 sentencing option "is available only where the defendant has been convicted of premeditated first-degree murder" and not where defendant has been convicted only of felony murder); *State v. Vontress*, 266 Kan. 248, 264, 970 P.2d 42 (1998) ("The mandatory 40-year sentencing option is available only where the defendant has been convicted of premeditated first-degree murder; it is not available where the defendant has been convicted of felony murder. Therefore, the sentencing judge is precluded from imposing the hard 40 sentence where the jury is unable to reach a unanimous verdict regarding the premeditation theory."), *disapproved of on other grounds by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006).

Relevant here, first-degree murder is defined in K.S.A. 1992 Supp. 21-3401 as (1) premeditated murder or (2) the killing of a human being in the commission of or attempted commission of a felony (felony murder). The State charged Richardson with one count of first-degree murder, but it relied on one or both of these theories in proving its case.

We have held that these two theories of first-degree murder are not separate and distinct crimes. Rather, they are two alternative methods of proving first-degree murder. *State v. Thomas*, 302 Kan. 440, 446, 353 P.3d 1134 (2015); *State v. Hoge,* 276 Kan. 801, 810, 80 P.3d 52 (2003) (premeditated and felony murder are not two distinct crimes but merely provide alternative methods of committing first-degree murder); *State v. Davis,* 247 Kan. 566, 571, 802 P.2d 541 (1990) ("K.S.A. 21-3401 establishes the single offense of murder in the first degree, and alternative methods of proving that crime."). Generally,

to convict a defendant of first-degree murder, a verdict need not be unanimous as to one of underlying theories. Instead, the jury's verdict must be unanimous as to the first-degree murder charge. See *Thomas*, 302 Kan. at 448 (quoting *State v. Timley,* 255 Kan. 286, 289, 875 P.2d 242 [1994]: "[T]he statutory right to a unanimous verdict only applies to the '"guilt for the single crime charged. Unanimity is not required . . . as to the means by which the crime was committed so long as substantial evidence supports each alternative means."'").

Although they are not separate and distinct crimes, the Legislature provides a process for the court to impose a hard 40 sentence when a defendant is convicted of premeditated first-degree murder. However, this sentence is unavailable when a defendant is convicted of felony murder. See *Laurel*, 299 Kan. at 677-78; *Wakefield*, 267 Kan. at 140-41; *Vontress*, 266 Kan. at 264. So, the issue presented is whether the motion, files, and records of the case conclusively show that the jury unanimously convicted Richardson of premeditated first-degree murder. If so, the district court did not err in summarily denying her motion to correct illegal sentence. If not, the district court should have at the very least appointed Richardson counsel and set the matter for hearing. See *Laughlin*, 310 Kan. at 121.

Richardson points to three jury instructions and the verdict form to support her position that the jury did not unanimously convict her of premeditated first-degree murder. First, she claims Instructions 10, 15, and 18 failed to inform the jury that it had to be unanimous as to either or both theories of first-degree murder.

Instruction 10 provides:

"In this case the State has charged the defendant with one offense of murder in the first degree and has introduced evidence on two alternate theories of proving this crime.

"The State may prove murder in the first degree by proving beyond a reasonable doubt that the defendant killed Brenda Wassink and that such killing was done while in the commission of aggravated robbery, a felony or in the alternative by proving beyond a reasonable doubt that the defendant killed Brenda Wassink maliciously and with deliberation and premeditation, as fully set out in these instructions.

"*Where evidence is presented on the two alternate theories of proving the crime charged, you must consider both in arriving at your verdict.*

"In instruction number 11 the Court has set out for your consideration the essential claims which must be proved by the State before you may find the defendant guilty of felony murder, that is the killing of a person in the commission of a felony crime.

"In instruction number 12 the Court has set out for your consideration the essential claims which must be proved by the State before you may find the defendant guilty of premeditated murder.

"*If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you will enter a verdict of guilty.*

"If you have a reasonable doubt as to the guilt of the defendant as to the crime of murder in the first degree, then you must consider whether the defendant is guilty of murder in the second degree. In instruction number 13 the Court has set out for your consideration the essential claims which must be proved by the State before you may find the defendant guilty of murder in the second degree." (Emphases added.)

9

Richardson challenges the language in Instruction 10 that directs the jury to enter a verdict of guilty on both combined theories. She highlights the fact that the instruction fails to expressly inform the jury that it must be unanimous as to one or both theories of first-degree murder. She suggests this failure implicitly informs the jury that some members could find her guilty of felony first-degree murder beyond a reasonable doubt, while other members could find her guilty of premeditated first-degree murder beyond a reasonable doubt.

Instruction 15 provides:

"As to Count I, *you may find the defendant guilty of murder in the first degree on either the theory of felony murder or the theory of premeditated murder or on both theories*, or murder in the second degree, or not guilty.

"When there is a reasonable doubt as to which of two or more offenses the defendant is guilty, she may be convicted of the lesser offense only.

"Your presiding juror should sign the appropriate verdict form. The other verdict forms as to Count I are to be left unsigned." (Emphasis added.)

The first paragraph of Instruction 15 advises the jury that it can find Richardson guilty of first-degree felony murder *or* first-degree premeditated murder *or* both first-degree felony murder and first-degree premeditated murder *or* second-degree murder *or* not guilty. Richardson argues that like Instruction 10, this instruction does not expressly inform the jury that it must be unanimous as to one or both theories of first-degree murder to reach a verdict on the first-degree murder count.

10

Instruction 18 provides that "[i]n order to return a verdict, *all jurors need to agree upon a verdict*." (Emphasis added.) The rest of the instruction explains how to select the foreperson, how the jury should conduct its business during deliberation, and how the verdict should depend only on the evidence admitted.

Besides these three jury instructions, Richardson asserts it is impossible to tell from the verdict form whether the jury unanimously convicted her of premeditated first-degree murder. The single verdict form for the first-degree murder charge was a one-page document that presented the jury with five possible findings:

"[1] We, the jury, find the defendant, Meka R. Richardson, guilty of the crime of murder in the first degree on the theory of felony murder.

"[2] We, the jury, find the defendant, Meka R. Richardson, guilty of the crime of murder in the first degree on the theory of premeditated murder.

"[3] We, the jury, find the defendant, Meka R. Richardson, guilty of the crime of murder in the first degree on both theories.

"[4] We, the jury, find the defendant, Meka R. Richardson, guilty of the crime of murder in the second degree.

"[5] We, the jury, find the defendant, Meka R. Richardson, not guilty."

The presiding juror signed underneath each of the first three findings: guilty of felony first-degree murder, guilty of premeditated first-degree murder, and guilty of first-degree murder on both theories. But Richardson argues none of these options expressly state that the jury unanimously found Richardson guilty of one or both theories.

11

Relying on the jury instructions, the verdict form, and *Vontress*, Richardson argues the district court lacked authority to impose a hard 40 sentence here because the court could not have concluded from the instructions and the verdict form that the jury's vote was unanimous as to premeditation. See *Vontress*, 266 Kan. at 264 (hard 40 sentence is available for premeditated first-degree murder conviction but unavailable for felony-murder conviction; therefore, sentencing court cannot impose a hard 40 sentence unless jury is unanimous on premeditation). In response, the State argues that this court should look to *Kingsley* for guidance as the district court did when it summarily denied Richardson's motion.

In *Kingsley*, the district court used jury instructions similar to the ones at issue in this appeal, and the defendant raised the same issue that Richardson now raises. But there are two important distinctions. First, the *Kingsley* court provided the jury with two separate verdict forms because the State charged each first-degree murder theory as two separate alternative counts:  one count for premeditated first-degree murder and an alternative count for first-degree felony murder. Second, the *Kingsley* court expressly instructed the jury that its agreement on a verdict had to be unanimous. On the premeditated first-degree murder verdict form, the jury found Kingsley guilty. On the first-degree felony-murder verdict form, the jury also found Kingsley guilty. 252 Kan. at 784-86. The *Kingsley* court held that Kingsley's hard 40 sentence was legal because there was no question that the jury unanimously found him guilty of each theory of first-degree murder. 252 Kan. at 786. Here, instead of separate verdict forms for each of the two alternative counts, the jury had one single verdict form for first-degree murder that set forth each alternative theory with a signature line underneath. The court did not provide the jury with a separate verdict form for each theory as in *Kingsley* because the State did not charge the theories as separate and alternative counts.

12

In *Vontress*, the district court instructed the jury:

"'If you find the defendant is guilty of murder in the first degree, the Presiding Juror shall sign the applicable verdict form and, in addition, you shall then determine the alternative theory or theories contained in "Theory 1A" [premeditated murder], "Theory 1B" [felony murder] or "Theory 1C" [the combined theories of premeditated murder and felony murder]. The Presiding Juror shall sign the applicable alternative Theory Verdict form.

"'If you have a reasonable doubt as [to] the guilt of the defendant as to the crime of murder in the first degree on both theories, then you must enter a verdict of not guilty.'"

The verdict form provided:

"'1. We, the jury, unanimously find the defendant guilty of murder in the first degree.

. . . .

"'Select the appropriate theory or theories:

"'Theory 1(A) We, the jury, unanimously find the defendant guilty of murder in the first degree on the theory of premeditated murder.

. . . .

"'Theory 1(B) We, the jury, unanimously find the defendant guilty of murder in the first degree on the theory of felony murder.

. . . .

13

"'Theory 1(C) We, the jury, unable to agree under Theory 1(a) or 1(b), do unanimously find the defendant guilty of murder in the first degree on the combined theories of premeditated murder and felony murder.'" 266 Kan. at 261.

The form also provided signature lines under each of these enumerated options. The presiding juror signed under option 1, showing the jury unanimously found Vontress guilty of murder in the first degree. The presiding juror also signed on the signature lines under theory 1(A) *and* theory 1(B), showing unanimous agreement that Vontress was guilty of both premeditated murder and felony murder. Based on this verdict, the district court later sentenced Vontress to a mandatory minimum 40-year prison sentence. 266 Kan. at 261-62. The *Vontress* court held that Vontress' sentence was not illegal because it was clear from the verdict form that the jury unanimously convicted him of premeditated first-degree murder and unanimously convicted him of first-degree felony murder. 266 Kan. at 264. Unlike *Vontress*, the verdict form here did not expressly indicate that the jury had to unanimously find Richardson guilty of premeditated first-degree murder.

Two more cases are instructive here: *Wakefield* and *Laurel*. In each case, both courts presented its juries with verdict forms identical to the form in *Vontress* and both defendants challenged their hard 40 or hard 25 sentences based on the same premise. Unlike the facts in *Vontress*, however, the presiding jurors in both cases *did not sign* on the signature lines under theory 1(A) (premeditated murder theory) or under theory 1(B) (felony-murder theory) but *did sign* the verdict form under theory 1(C). This verdict form reflects that the jury members in both cases could not unanimously find the defendants guilty on one theory, but they all unanimously agreed that the defendants were guilty on both theories.

Interestingly, each court reached a different conclusion on jury unanimity. In *Wakefield*, we noted that the district court polled the jury and discovered that each

14

member agreed that the defendant was guilty of premeditated first-degree murder *and* guilty of first-degree felony murder. This poll contradicted the jury instructions and what the jury signified on the form: that it could not reach a unanimous verdict as to one single theory but unanimously agreed that both theories supported the first-degree murder verdict. 267 Kan. at 137. The *Wakefield* court ultimately ruled that despite this discrepancy, it was clear the jury first unanimously found the defendant guilty of premeditated murder, then unanimously found him guilty of felony murder, and then finally found him guilty on the combined theories. As a result, we held there was no question about the jury's unanimity on the premeditated murder charge, rendering Wakefield's hard 40 sentence legal. 267 Kan. at 141.

But 15 years later in *Laurel*, we reached the opposite conclusion, finding that the verdict form established that the jurors lacked unanimity on the premeditation theory. Because the jury did not unanimously agree on the premeditation theory, we held the district court lacked the authority to impose a hard 25 sentence and should instead have imposed the mandatory minimum sentence for felony murder. See 299 Kan. at 677-78.

Richardson's case is again distinguishable because, unlike *Wakefield* and *Laurel*, the verdict form here did not expressly state the jury unanimously found her guilty.

Given the factual distinctions, we find our analysis in *Kingsley*, *Vontress*, *Wakefield*, and *Laurel* instructive but not determinative in resolving the issue presented here: whether the motion, files, and records *in this case* conclusively show that the jury unanimously convicted Richardson of first-degree murder on the theory of premeditation. Here, the record shows:

15

- Instruction 10 advises the jury that the State has charged the defendant with first-degree murder on two alternate theories: felony murder and premeditated murder. The instruction directs the jury to consider both theories in arriving at its verdict.

- Instruction 11 sets forth the essential claims that the State must prove for the jury to find the defendant guilty of felony murder.

- Instruction 12 sets forth the essential claims that the State must prove for the jury to find the defendant guilty of premeditated murder.

- Instruction 13 advises the jury that if it cannot *agree* the defendant is guilty of first-degree murder on either theory, it should then consider lesser offenses.

- Instruction 15 advises the jury that it may find Richardson guilty of first-degree murder on (1) the theory of felony murder; (2) the theory of premeditated murder; or (3) both theories.

- Instruction 18 directs that to return a verdict, all jurors need to agree on a verdict.

- The verdict form shows the presiding juror expressly stated that the jury found Richardson (1) guilty of first-degree murder on the theory of felony murder; (2) guilty of first-degree murder on the theory of premeditated murder; and (3) guilty of first-degree murder on both theories.

Considering the instructions as a whole, the most sensible and by far the most likely conclusion to be drawn from the verdict form here is that the jury unanimously convicted Richardson of first-degree murder on both the theory of premeditation and on the theory of felony murder. The presiding juror signed her name three times on the verdict form:

16

first, under the theory of felony murder; second, under the theory of premeditated murder; and third, under "both theories." This weighs heavily in favor of a finding that the jurors unanimously voted for guilt on each of the two individual theories of first-degree murder. And there is nothing in the instructions or the verdict form suggesting that the jurors were told or would have understood that they were free to cobble together two different theories to get 12 votes for guilt.

In sum, we find the motion, files, and records in this case conclusively show that the jury unanimously convicted Richardson of first-degree murder on the theory of premeditation. Based on this finding, we conclude the district court did not err in summarily denying Richardson's motion to correct illegal sentence.

*K.S.A. 60-1507*

Richardson argues that two of the issues she raised in her motion to correct illegal sentence should have been construed by the district court as issues raised under K.S.A. 60-1507:  (1) the district court erred in failing to appoint counsel and hold a 60-1507 evidentiary hearing before it found insufficient evidence to support her claim that she was mentally retarded as defined in K.S.A. 21-4623; and (2) the district court erred in allowing the State to introduce into evidence a prior criminal diversion agreement at her sentencing hearing.

Generally, pro se motions and pleadings must be liberally construed, giving effect to the document's content rather than the labels and forms used to articulate a defendant's arguments. A defendant's failure to cite the correct statutory grounds in the motion or pleading is immaterial. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. *Gilbert*, 299 Kan. at 802.

Based on the content of Richardson's original pro se motion, the district court properly construed the pleading as a motion to correct illegal sentence. She titled her motion as a "Motion to Correct an Illegal Sentence," and she correctly defined an illegal sentence under K.S.A. 22-3504. Most of the challenges she raised directly attacked her sentence—e.g., her hard 40 sentence was illegal because there was no jury unanimity as to the premeditation theory, which precludes the district court from imposing such a sentence; her hard 40 sentence was illegal, because when the court sentenced her, she was intellectually disabled within the meaning of K.S.A. 1992 Supp. 21-4623 and that precluded imposition of such a sentence; and the introduction of a prior diversion agreement at her hard 40 determination hearing was an error requiring the court to vacate her hard 40 sentence. Richardson specifically requested relief in the form of a reduced sentence. What is more, Richardson directly appealed the denial of her motion to this court, the proper court to do so. See K.S.A. 2020 Supp. 22-3601(b)(3). If her motion was construed as a K.S.A. 60-1507 motion, that statute directs the movant to appeal to the Court of Appeals. See K.S.A. 2020 Supp. 60-1507(d); *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017).

In sum, the district court correctly construed Richardson's motion as a motion to correct illegal sentence under K.S.A. 2020 Supp. 22-3504.

Affirmed.