NOT DESIGNATED FOR PUBLICATION

Nos. 124,077
124,078
124,081

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO A. JONES,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed March 18, 2022. Affirmed.


*Sam S. Kepfield*, of Hutchinson, for appellant.


*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., POWELL and CLINE, JJ.


PER CURIAM: Milo A. Jones has persistently litigated many illegal sentence claims over the years. Here, Jones appeals the district court's summary denial of his most recent motion to correct an illegal sentence. For reasons we explain below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The parties are well acquainted with the factual and procedural histories of Jones' cases, so we only briefly outline some of the relevant facts.

Jones pled guilty in 1991 in 91CR818 (Case 1) to a single count of sale of cocaine, and the district court imposed a 3- to 10-year prison sentence, which was later modified to probation and then reinstated when Jones violated his probation.

In 1999, Jones pled guilty in 98CR1956 (Case 2) to three counts of aggravated robbery. That same day, a jury found Jones guilty of robbery, battery, and two counts of obstruction of legal process or official duty in 98CR1897 (Case 3). In Case 2, the district court imposed a controlling sentence of 194 months in prison and ordered it run consecutive to Case 1 and Case 3. In Case 3, the district court imposed a controlling sentence of 137 months in prison and ran the sentence consecutive to Case 1 and Case 2.

On June 8, 2020, Jones filed his present pro se motion to correct an illegal sentence concerning all three cases. In the motion, Jones noted he still had about seven and a half years left of his sentence and asserted he was "seeking the mercy of the court" to resentence him to concurrent sentences. The crux of Jones' illegal sentence argument was that the onset of the COVID-19 pandemic effectively converted his sentences into a "death sentence" based on his underlying medical conditions and overcrowding in the prisons.

On July 14, 2020, the district court issued a written order summarily denying Jones' motion. Although noting it was "empathetic" to Jones' situation, the district court explained:

"[T]he court is not an antidote to defendant's health anxiety. The court cannot provide the relief sought by defendant. The coronavirus did not alter defendant's sentence.

"Correction of sentence is governed by K.S.A. 22-3504. K.S.A. 22-3504 applies if the sentence is illegal. The sentence defendant received 1) was imposed by a court with jurisdiction; 2) conformed with applicable statutory provisions; and 3) was not ambiguous (after appellate intervention) with respect to the time and manner in which it is to be served."

Jones timely appeals.

## DID THE DISTRICT COURT ERR IN SUMMARILY DENYING JONES' PRO SE MOTION TO CORRECT AN ILLEGAL SENTENCE?

Jones appeals the denial of his motion to correct an illegal sentence, arguing the COVID-19 pandemic was an "unforeseen factor" which entitles him to relief. The State responds that Jones concedes his sentences were legal when pronounced and that the motions, files, and records of the case conclusively show he is not entitled to relief.

Kansas law allows a court to correct an illegal sentence at any time. K.S.A. 2020 Supp. 22-3504(a). Whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which this court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Likewise, we review "a district court's summary denial of a motion to correct an illegal sentence de novo because we have the same access to the motion, records, and files as the district court." *State v. R.H.*, 313 Kan. 699, 701, 490 P.3d 1157 (2021).

Although an illegal sentence may be corrected at any time, K.S.A. 2020 Supp. 22-3504 has "'very limited applicability.'" *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

3

"An illegal sentence is defined as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1). [Citation omitted.]" *State v. Richardson*, 314 Kan. 132, 135-36, 494 P.3d 1280 (2021).

Jones concedes that his sentences were legal when imposed. Moreover, the doctrine of res judicata bars a defendant from using a motion to correct an illegal sentence to "'breathe new life'" into an issue previously adversely determined. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

The record shows that Jones tried to have his sentence in Case 1 converted to a guidelines sentence under the new sentencing guidelines enacted in 1994, but the district court rejected his request. Also, previous panels of this court have held multiple times that the sentences imposed in Case 2 and Case 3 are legal ones. See *State v. Jones*, No. 117,873, 2018 WL 3077199, at *3 (Kan. App. 2018) (unpublished opinion) *State v. Jones*, No. 115,098, 2017 WL 840248, at *2; (Kan. App. 2017) (unpublished opinion); *State v. Jones*, No. 113,810, 2016 WL 3659835, at *4-5 (Kan. App. 2016) (unpublished opinion); see also *State v. Kinder*, 307 Kan. 237, 239-40, 408 P.3d 114 (2018) (no jurisdiction to review presumptive sentences); *State v. Frecks*, 294 Kan. 738, 739, 280 P.3d 217 (2012) ("Generally, consecutive sentences imposed under the Kansas Sentencing Guidelines are presumptive sentences which are not subject to review by this court.").

Rather than continuing to challenge the legality of his sentences as imposed, Jones now suggests the onset of the COVID-19 pandemic presents an "unforeseen factor" that warrants modification of his consecutive prison sentences—or, at the very least, an evidentiary hearing on his motion—because of his underlying health problems and inadequate measures to contain the virus. Yet Jones fails to explain in his motion or his

brief how these circumstances make his sentences illegal, nor does he provide any legal authority to support such a proposition. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (Issues not adequately briefed are deemed waived or abandoned, and "[f]ailure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority . . . is akin to failing to brief the issue. [Citation omitted.]").

Given the record before us, Jones' current effort to have his sentences declared illegal strikes us as misplaced because Jones is not attacking his sentences. His real complaint concerns the conditions of his confinement, meaning a more appropriate avenue for relief may be K.S.A. 2020 Supp. 60-1501, which allows a prisoner to challenge the conditions of confinement. See *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 362, 481 P.3d 180 (2021) ("K.S.A. 2019 Supp. 60-1501 provides a procedural means through which a person may challenge the conditions of his or her confinement.").

Thus, the district court did not err in summarily denying Jones' motion to correct an illegal sentence.

Affirmed.